NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOBCO, INC., <br><br>               Plaintiff, <br>    v. <br><br>THE COUNTY OF BERGEN and GILBANE BUILDING COMPANY, INC., <br><br>               Defendants. | Civil Action No.: 22-0090 <br><br> OPINION |

**CECCHI, District Judge.**

This matter comes before the Court by way of defendants Gilbane Building Company, Inc.'s ("Gilbane") and the County of Bergen's (the "County") separate motions to dismiss (ECF Nos. 12, 14) plaintiff Dobco Inc.'s ("Dobco" or "Plaintiff") Complaint (ECF No.1 ("Compl.")) under Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). Plaintiff filed oppositions (ECF Nos. 22, 23), and each defendant replied (ECF Nos. 24, 25). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, defendants' motions to dismiss are granted, and Plaintiff's Complaint is dismissed without prejudice to refile in the Superior Court of New Jersey, Bergen vicinage.

**I.    BACKGROUND[1]**

This action arises out of the County's alleged retaliation against Dobco, a construction contracting company, in response to Dobco's challenge to the County's procurement process for a renovation project. Compl. ¶ 1; 42 U.S.C. § 1983. In essence, Dobco alleges that the County filed an unsubstantiated multi-million dollar claim against Dobco for overages and delays on an ongoing construction project as punishment for Dobco initiating a lawsuit that ultimately led a

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.

New Jersey state court to cancel two multi-million-dollar procurements for other County construction projects. Dobco claims that the County had initially recognized that Dobco was entitled to additional fees for delays beyond their control. However, that acknowledgment "suddenly transformed" into the County's purportedly meritless claim against Dobco once Dobco successfully overturned the County's attempt to solicit bids for another project via the Local Redevelopment and Housing Law, N.J.S. 40A:12A-1 *et seq.* ("Redevelopment Law"), which lacks the low-bid requirements of the Local Public Contracts Law, N.J.S.A. 40A:11-1 *et seq.* ("LPCL). *Id.* ¶ 4. Accordingly, Dobco alleges the County is punishing and retaliating against Dobco for exercising its First Amendment rights to free speech and to petition the government and Dobco is entitled to redress for these constitutional violations under 42 U.S.C. § 1983. *Id.* ¶¶ 55-69 (Counts I and II, respectively).

Additionally, Plaintiff claims that Gilbane, the County's construction manager on the relevant project, tortiously interfered with Dobco's contract with the County by their involvement in preparing the County's allegedly retaliatory claim against Dobco. *Id.* ¶¶ 70-75 (Count III).

**A.     Factual Background**

Phase 1 of the Renovation Project

In August 2016, the County and Gilbane entered into a services agreement whereby Gilbane was to be the construction manager for the first phase of renovations to the Bergen County Justice Center at 10 Main Street, Hackensack, New Jersey ("Phase 1"). *Id.* ¶ 18. Gilbane's duties consisted of managing the architect, monitoring progress on the project, managing the procurement of a construction contractor through a public bidding process, and reviewing and approving contractor payment requisitions, among other responsibilities. *Id.* ¶ 14. Gilbane's contract provided that Gilbane had been retained for Phase 1 and an additional resolution would be issued

by the County, when appropriate, for Gilbane to begin work on the second phase of renovations ("Phase 2"). *Id.* ¶ 19.

In July 2017, the County, with the assistance of Gilbane, issued a Request for Proposal ("RFP") to perform construction-related services for Phase 1 of the courthouse renovation project pursuant to the Local Public Contracts Law, N.J.S.A. 40A:11-1 *et seq.* ("LPCL"). *Id.* ¶¶ 24-25. In September 2017, after it was determined that Dobco had submitted the lowest-responsible bid pursuant to the LPCL, the County executed a construction agreement with Dobco to act as contractor for Phase 1. *Id.* ¶¶ 26-28. Included within this agreement was a dispute resolution process, which applied to demands made under the terms of the contract itself and also to "other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract." ECF No. 14-5 §15.1.1. Integral to the instant motion, the agreement included, as part of this dispute resolution process, a forum selection clause (the "Forum Selection Clause" or the "Clause"), which provided that the "[t]he locale of any arbitration or litigation hereunder shall be Bergen County, New Jersey." ECF No. 14-3 at § 27.B. Dobco contends that it faithfully performed the agreement despite encountering various unanticipated circumstances beyond its control, including dealing with significant amounts of asbestos not included in the Phase 1 RFP, defective design drawings provided by the County, and the COVID-19 pandemic. Compl. ¶¶ 29-31.

Phase 2 Solicitation and Dobco's Challenge

On November 6, 2020, the Bergen County Improvement Authority ("BCIA") issued a solicitation for approximately $50 million seeking qualifications for the construction of Phase 2 of the courthouse renovations under the Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1 *et seq.* (the "Redevelopment Law"). *Id.* ¶¶ 5, 32. Dobco inquired with the BCIA as to why it was

3

procuring Phase 2 under the Redevelopment law (as opposed to the LPCL used in Phase 1); Dobco does not indicate whether the BCIA responded but alleges it was told by an employee of Gilbane that the County was using the Redevelopment Law to preclude Dobco from the project and select the contractor of its choice. *Id.* ¶¶ 33-35. Dobco subsequently responded to the Phase 2 solicitation but was not selected to participate in the final round of the procurement process. *Id.* ¶ 36.

On February 8, 2021, Dobco filed a lawsuit against the BCIA and the County alleging that the Phase 2 solicitation was unlawful because the BCIA had used the Redevelopment Law instead of the LPCL (the "BCIA Action"). *Id.* ¶ 42. On July 8, 2021, the New Jersey Appellate Division declared the Phase 2 solicitation unlawful, as it had violated the LPCL.[2] *Id.* ¶ 48. As a result, the County was prohibited from proceeding with the Phase 2 solicitation and construction as planned and did not execute a resolution naming Gilbane the construction manager. *Id.* ¶¶ 49, 51.

Alleged Retaliation by the County

By January 2021, just before Dobco filed the BCIA Action, Dobco alleges it had substantially completed its performance on Phase 1 and was discussing close-out of the project with the County. *Id.* ¶ 39. During these close-out discussions, Dobco contends it was advised that it was entitled to additional compensation from the County for its work. *Id.* ¶ 41. Dobco also alleges that between March and May 2021, it had numerous phone calls and emails with Gilbane Project Manager Adrian Rowley. Rowley purportedly acknowledged the unanticipated conditions causing delay and the inaccurate design drawings provided to Dobco, and, consequently, sought documentation from Dobco so that it could receive reasonable compensation for the additional work and costs incurred. *Id.* ¶¶ 44-46. After Dobco provided the documentation, Rowley

---

[2] The Appellate Division's decision was affirmed by the New Jersey Supreme Court on April 28, 2022. *See Dobco, Inc. v. Bergen County Improvement Auth.*, 273 A.3d 406 (N.J. 2022).

purportedly indicated he had received preliminary approval for additional compensation for Dobco and was only awaiting approval from an individual at the County to finalize a resolution approving payment. *Id.* ¶¶ 46-47.

At some point after acknowledging Dobco's entitlement to additional payment, Rowley was allegedly reassigned to a different Gilbane project and ceased providing Dobco with updates on the progress of a negotiated resolution of the costs purportedly owed to Dobco by the County. *Id.* ¶ 54. After Rowley's transfer, Dobco allegedly requested a meeting with Bergen County Executive James J. Tedesco III to review all payment disputes between the parties and finally close out the project. *Id.* ¶ 55. Plaintiff contends no such meeting ever occurred. *Id.* ¶¶ 55-56. On October 6, 2021, the County, allegedly with Gilbane's direct involvement, issued a Notice of Claim & Demand for Audit asserting twenty-nine individual claims totaling $4,412,812.00 against Dobco, initiating the dispute resolution process specified by the parties' contract. *Id.* ¶¶ 57-58.

### B. Procedural History

On January 7, 2022, Dobco initiated this action before this Court, asserting its § 1983 claims against the County pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331, and its tortious interference of contract claim against Gilbane pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367. *See* ECF No.1. On February 17, 2022 and February 23, 2022, Gilbane and the County filed respective motions to dismiss. ECF Nos. 12 ("Gilbane Br."), 14 ("County Br."). The County asserts that Dobco has failed to state a retaliation claim, and, moreover, even if the claim is allowed to proceed it must be brought in state court in Bergen County, New Jersey, pursuant to the Forum Selection Clause. *See generally* County Br. Gilbane, for its part, argues that Dobco has insufficiently stated a claim for tortious interference and that any such claim fails as a matter of law because Gilbane was an agent of a party to that contract.

5

*See generally* Gilbane Br. Thereafter, Dobco filed oppositions to each motion (ECF Nos. 22, 23), to which each defendant replied on March 28, 2022 (ECF Nos. 24 ("Gilbane Reply"), 25 ("County Reply").

## II.     LEGAL STANDARD

### A.     Fed. R. Civ. P. 12(b)(6)

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

## III.    DISCUSSION

The Court finds, as explained further below, that Plaintiff's retaliation claims (Counts I and II) fail because they fall within the scope of the Forum Selection Clause agreed to by the parties. Moreover, because the Court dismisses all the claims over which it has original federal question jurisdiction, it declines to exercise supplemental jurisdiction over the state law claim of tortious interference (Count III).

A.     **Forum Selection Clause**

As an initial matter, the parties agree that the Forum Selection Clause requires all claims within its scope to be litigated in the Superior Court of New Jersey, Bergen vicinage. *See* County Br. at 5; Dobco Br. at 20. In addition, they both acknowledge that the Clause covers "any and all disputes arising [out] of or relating to [the contract] or the breach thereof." Dobco Br. at 20; *see also* County Br. at 18.[3] Accordingly, the question before the Court is whether Dobco's retaliation claim falls within the scope of this Forum Selection Clause. If it does, Dobco's retaliation claim must be dismissed for Dobco to pursue such claim in the appropriate court. For the reasons discussed below, the Court finds that the Forum Selection Clause applies to Dobco's retaliation claim, and therefore dismisses it without prejudice to refile in the Superior Court of New Jersey, Bergen vicinage.[4]

The County argues Dobco's retaliation claim is covered by the Forum Selection Clause. The County contends that the crux of Dobco's Complaint is simply that the County has not agreed to Dobco's requests for additional payment and, instead, the County chose to assert a formal claim

---

[3] The parties' agreement consists of multiple documents, including the Construction Agreement (*see* ECF No. 14-3), the General Conditions (*see* ECF No. 14-5), and the Supplementary General Conditions (*see* ECF No. 14-6). Although the precise language of the claims covered by the Forum Selection Clause varies slightly in each, the parties do not suggest that they are functionally different in any way and agree on their construction, if not their applicability to Dobco's claim.

[4] The County's forum selection clause argument for dismissal is made pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3). *See* County Br. at 17. However, this Court, following the prevailing treatment by courts in this circuit, will "treat [it] as being brought under Rule 12(b)(6)." *Heide v. Seven Springs Farm, Inc.*, No. 08-CV-126, 2009 WL 1346035 at *3 (W.D. Pa. May 13, 2009) (collecting cases and explaining that most courts in the Third Circuit have held that 12(b)(6) is the proper procedural mechanism for a motion to dismiss on forum selection clause grounds); *see also Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298) (3d Cir. 2001) (approving Rule 12(b)(6) dismissal based on forum selection clause). Notably, this issue is not outcome determinative here, nor does it affect the Court's analysis of the scope of the Forum Selection Clause.

against Dobco. *See* County Br. at 19. The County further asserts that the retaliation claim is a "dispute … relating to the Contract" or breach thereof and must be dismissed. *Id.* at 20. Dobco contends that its retaliation claim cannot be deemed to "relat[e] to" the contract or its breach in light of case law interpreting that phrase when determining the applicability of mandatory arbitration clauses and exhaustion requirements to § 1983 claims. *Id.* at 22-23.

The Court agrees with the County that Dobco's claim *relates to* the contract.[5] Courts in this circuit have noted that the term "related to" in forum selection clauses is broader than "arising under." *John Wyeth & Bro. Ltd. v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997); *see also Schering Corp. v. First Databank, Inc.*, 479 F. Supp. 2d 468 (D.N.J. 2007); *CQ, Inc. v. TXU Mining Co., L.P.*, No. 05-1230, 2006 WL 278155, at *3 (W.D. Pa. Feb. 3, 2006); *Oak Sys., Inc. v. Francotyp-Postalia, Inc.*, No. 01-2794, 2002 WL 442104, at *3 (E.D. Pa. Feb. 5, 2002). These courts have offered useful rubrics for interpreting forum selection clauses with language covering claims "related to" the underlying contract. In *Wyeth*, for example, the Third Circuit noted that a dispute is "related to" a contract when that "dispute has some 'logical or causal connection'" to that contract. 119 F.3d at 1074 (citing *Webster's Third New International Dictionary,* 1916 (1971)). Similarly, in *CQ Inc.*, the court held that "if a non-contractual claim has its factual basis in the contractual business relationship between the parties, then it may be deemed to 'relate to' the parties' contract." 2006 WL 278155, at *3.

With this analytical framework in mind, the Court finds that Dobco's retaliation claim is a dispute which "relates to" the contract or its breach. Here, the retaliatory conduct alleged by Dobco is the County's initiation of the contract's dispute resolution process by filing a Notice of Claim.

---

[5] Having found that Dobco's retaliation claim relates to the contract, *see* Discussion at 8-11, the Court need not address whether the claim "arises out of" the contract as well.

8

*See* Compl. ¶ 4. That is, the very act alleged by Dobco to constitute retaliation is a process specifically spelled out in the parties' contract. Dobco's retaliation claim thus has both a "logical" and a "causal connection" to the parties' underlying contract. *Wyeth*, 119 F.3d at 1074. Put differently, Dobco's non-contractual claim here (retaliation) "has its factual basis in the contractual business relationship between the parties" because Dobco essentially alleges that the County is using the contractual dispute process in a retaliatory way. *CQ Inc.*, 2006 WL 278155, at *3; *see also Oak Sys.,* 2002 WL 442104, at *3 (finding plaintiff's civil conspiracy claim covered by forum selection clause). Moreover, the merits of the County's claim under the contract—i.e., whether it was in fact "meritless" as Dobco claims—bear upon the viability of Dobco's retaliation action to some degree, linking the two once again.[6] *See TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 536 (E.D. Pa. 2010) ("[C]ourts have generally held that a forum-selection clause applies to tort and other non-contract claims that require interpretation of the contract or otherwise implicate the contract's terms."). In sum, Dobco's retaliation claim is "inextricably intertwined" with the parties' contractual relationship. *CQ Inc.*, 2006 WL 278155, at *3.

The cases put forward by Dobco do not suggest otherwise. Dobco relies on *Rubano v. Jersey City Mun. Utils. Auth.*, 2008 WL 11287132 (D.N.J. Feb. 28, 2008) for its assertion that "unlawful retaliation claims under § 1983 … are not 'related to' contract." ECF No. 23 at 22-23. In *Rubano*,

---

[6] An essential part of Dobco's retaliation theory is that the claim filed by the County is "unsubstantiated" and "meritless" and thus retaliatory. Compl. ¶¶ 4, 60, 66, 73, 74. Courts addressing claims predicated on allegedly retaliatory lawsuits have given "consideration to whether the underlying civil action was frivolous in deciding whether the § 1983 plaintiff had shown the requisite causation between the defendant's retaliatory animus and the plaintiff's injury." *DeMartini v. Town of Gulf Stream,* 942 F.3d 1277, 1298 (11th Cir. 2019) (collecting cases and examining the plausibility of the underlying lawsuit). Accordingly, Dobco's retaliation claim requires at least some analysis of the merits of the contractual dispute initiated by the County—i.e., whether it is indeed meritless, unsubstantiated, or frivolous. This provides an additional connection between the retaliation claim and the contract.

9

a due process employment suit, despite the existence of an employment agreement mandating arbitration for "all disputes relating to or arising out of employment," the court ultimately found "that judicial economy would best be served by honoring [plaintiff's] right to present his § 1983 claim before a court of law, rather than dismissing it under the arbitration clause." 2008 WL 11287132 at *5. According to Dobco, the *Rubano* court's unwillingness to dismiss the § 1983 due process claim in the face of a clause mandating arbitration if the suit related to employment requires the same result here. *See* ECF No. 23 at 23. However, the *Rubano* court did not address the "related to" language of the arbitration clause; instead, it rested its decision on the court's discretion to promote judicial economy. *See Rubano*, 2008 WL 11287132 at *5. Thus, *Rubano* does not support Dobco's claim that, as a matter of contract interpretation, "unlawful retaliation claims under § 1983 … are not 'related to' contract." ECF No. 23 at 22-23. Moreover, the potential benefit to judicial economy that was present in *Rubano* does not exist here, as Dobco has already initiated a related action in state court. *See* Docket No. BER-L-003869-22. And state courts are quite capable of deciding § 1983 claims. *See, e.g., Abdul-Akbar v. McKelvie,* 239 F.3d 307, 318 (3d Cir. 2001) ("State courts have concurrent jurisdiction over § 1983 cases."). In sum, Dobco's reliance on *Rubano* is misplaced.[7]

---

[7] Dobco also points out that federal courts do not require exhaustion of remedies for § 1983 claims, which, Dobco argues, underscores that such claims are meant to be decided in federal court. Pl. Br. at 22-23 (citing *Hochman v. Bd. of Educ.*, 534 F.2d 1094 (3d Cir. 1976) (holding that exhaustion of remedies is not required before bringing § 1983 claim to federal court)). Although courts have indeed held that exhaustion of remedies is not a prerequisite to bringing a § 1983 claim in federal court, Dobco has not offered any authority suggesting that the lack of an exhaustion requirement for § 1983 claims means that all such claims must be decided in federal court— especially when the parties have knowingly and voluntarily agreed upon a forum selection clause to govern their disputes. As discussed above, the capability of state courts to adjudicate § 1983 claims is well settled. *See Abdul-Akbar,* 239 F.3d at 318 (citing *Howlett v. Rose*, 496 U.S. 356, 358 (1990)). Accordingly, this argument is similarly unpersuasive.

10

Therefore, for the reasons described above, the Court finds Dobco's retaliation claim falls within the scope of the Forum Selection Clause and dismisses Counts I and II of the Complaint without prejudice to refile in the Superior Court of New Jersey, Bergen vicinage.

### B.      Remaining State Law Claim: Tortious Interference

The remaining claim in the Complaint asserts tortious interference with contract against Gilbane pursuant to New Jersey state law.  Where a "district court has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over state law claims.  28 U.S.C. § 1367(c).  Here, the Court dismisses all claims over which it has original federal question jurisdiction—namely Dobco's § 1983 claims—and thus declines to exercise supplemental jurisdiction over the state law claim asserted in Count III.  *Bonanni v. Purdy et al.*, No. 13-cv-6212, 2013 WL 6579129, at *2 (D.N.J. Dec. 13, 2013) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .  the district court has dismissed all claims over which it has original jurisdiction") (citations and quotations omitted).

### IV.     CONCLUSION

For the reasons stated above, defendants' motions to dismiss are granted, and the Complaint is dismissed without prejudice to refile in the Superior Court of New Jersey, Bergen vicinage. An appropriate Order accompanies this Opinion.

**DATED**:  September 21, 2022

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**
